UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HENRIETTA J. MONDAY, an Individual, | NO. CIV. 2:10-989 WBS CMK |
| Plaintiff, | ORDER RE: MOTION TO AMEND |
| v. | |
| SAXON MORTGAGE SERVICES, INC, a Texas Corporation; OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; U.S. BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ABFC 2007-WMC1 TRUST ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATED, SERIES 2007-WMC1, an Ohio Business Entity; T.D. SERVICE COMPANY, a California Corporation; and DOES 1 through 10, Inclusive, | |
| Defendants. | |

----oo0oo----

Presently before the court is plaintiff Henrietta J. Monday's motion for leave to amend her First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff

1

wishes to amend her complaint to include new facts uncovered during discovery and to allege new causes of action based on those facts.

Because plaintiff moves for leave to amend after the court has issued its Status (Pretrial Scheduling) Order and the deadline for amendment of pleadings has expired, a two-step analysis applies. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Plaintiff must first demonstrate "good cause" for seeking amendment and modification of the scheduling order under Rule 16(b). Id. at 607-08. If good cause is shown, the court must then evaluate the motion for leave to amend under Rule 15(a). Id. at 608.

Whether good cause exists depends heavily on the degree of diligence exercised by the movant in its attempt to comply with the deadlines set forth in the court's scheduling order. Johnson, 975 F.2d at 609; Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Because plaintiff moves to amend her complaint based on facts uncovered during discovery, the court finds that plaintiff has good cause to seek leave to amend. Plaintiff could not have exercised a greater degree of diligence in order to amend at an earlier stage in litigation.

Under Rule 15(a), there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see Fed R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or

undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nev., --- F.3d ----, ----, 2011 WL 2276774, at *6 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178 (1962)). Whether to grant or deny leave to amend is within the discretion of the district court. Foman, 371 U.S. at 182.

Because the court finds no prejudice, undue delay or bad faith, the court will not deny plaintiff's motion on those grounds. Defendant argues that the First Amended Complaint realleges claims which this court has previously dismissed and contains new claims upon which relief cannot be granted. Those arguments are better addressed in a motion to dismiss under Rule 12(b)(6) after the amended complaint is filed. The court need not deny plaintiff's motion for leave to amend based on futility alone. Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. CV-F-05-1411 OWW GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010) ("[D]enial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend her First Amended Complaint be, and the same hereby is, GRANTED. Plaintiff is ordered to file her Second Amended Complaint within ten days of the date of this Order.

DATED: July 7, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE