UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HENRIETTA J. MONDAY, an Individual,<br><br>        Plaintiff,<br><br>    v.<br><br>SAXON MORTGAGE SERVICES, INC, a Texas Corporation; OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; U.S. BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ABFC 2007-WMC1 TRUST ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATED, SERIES 2007-WMC1, an Ohio Business Entity; T.D. SERVICE COMPANY, a California Corporation; and DOES 1 through 10, Inclusive,<br><br>        Defendants.<br>_____/ | NO. CIV. 2:10-989 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS, TO STRIKE, AND FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Henrietta J. Monday brought this action against defendants Saxon Mortgage Services, Inc. ("Saxon"), Ocwen Loan Servicing, LLC ("Ocwen"), U.S. Bank, N.A., as Trustee for

1

the registered holders of ABFC 2007-WMC1 Trust Asset Backed Funding Corporation Asset Backed Certificated, Series 2007-WMC1 ("U.S. Bank"), and T.D. Service Company ("TDS"), arising out defendants' allegedly wrongful foreclosure on plaintiff's home. Presently before the court are Saxon's motion to dismiss portions of plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Saxon's motion to strike portions of plaintiff's SAC pursuant to Rule 12(f), Saxon's motion for summary judgment pursuant to Rule 56, and Ocwen and U.S. Bank's joint motion for summary judgment.

I.  Factual and Procedural Background

On March 20, 2007, plaintiff obtained a loan from GE Money Bank for $255,000 secured by a Deed of Trust against her home at 1780 Edwin Drive in Yuba City, California. (Saxon's Req. for Judicial Notice Ex. B at 1-3 (Docket No. 90).) Under the terms of the Deed of Trust, plaintiff was required to carry hazard insurance on her home. (Id. Ex. B at 5.) As of December 7, 2007, plaintiff had not provided Saxon with evidence of renewed hazard insurance. (Bryan Decl. Ex. B. ("Saxon Alexander Dep.") at 104:25-106:19 (Docket No. 89).) Over a period of several months, Saxon sent letters to plaintiff informing her that it did not have proof of her insurance and that it would force-place insurance on her home. (Bryan Decl. Ex. A at Sax 238-42.) Plaintiff never actually let her insurance lapse. (Molinaro Decl. ¶¶ 4-5, Ex. A (Docket No. 104).)

On February 20, 2008, Saxon sent plaintiff a letter indicating that it had issued an insurance policy on the

2

property.  (Broersma Decl. Notice of Errata Ex. A ("Ocwen/U.S. Bank Monday Dep.") at 38:5-13 (Docket No. 97); Broersma Decl. Ex. C ("Ocwen/U.S. Bank Alexander Dep.") at 108:17-109:2 (Docket No. 92).)  The policy resulted in an increased monthly payment on plaintiff's loan starting in June of 2008.  (Ocwen/U.S. Bank Monday Dep. at 54:10-18; Ocwen/U.S. Bank Alexander Dep. at 107:1-8.)  Saxon never actually purchased insurance for plaintiff's home, (Molinaro Decl. ¶¶ 6-7, Exs. B, C), but plaintiff states that she believed Saxon had force-placed insurance on her home. (Monday Decl. ¶ 8 (Docket No. 104-14).)  Plaintiff states that she tried calling Saxon to resolve the issue.  (Molinaro Decl. Ex. D ("Pl. Monday Dep.") at 55:14-16.)

After receiving her bill with the extra charge for insurance, plaintiff continued making her regular payments without including the extra charge.  (Ocwen/U.S. Bank Monday Dep. at 51:5-9.)  Plaintiff made every mortgage payment until November of 2009.  (Pl. Monday Dep. at 57:15-58:5; Molinaro Decl. Ex. E ("Pl. Alexander Dep.") at 29:19-25, 30:21-24, 31:7-13, 32:12-24, 33:5-15, 34:12-13.)

Once Saxon became aware of plaintiff's other insurance in November of 2008, it applied a refund to her escrow account. (Saxon Alexander Dep. at 112:9-113:25; Bryan Decl. Ex. C at Ex. 29.)  Apparently because the refund was applied to the escrow account and not to the outstanding balance reflecting the extra monthly charges, Saxon's actions made plaintiff's account appear to be in default when in fact it was not.  (See Pl. Alexander Dep. at 36:13-24, Exs. 15, 17.)

Saxon states that on December 2, 2008, it disbursed

3

1  $1,572.43 from the escrow account to pay for property taxes.
2  (Saxon Alexander Dep. at 39:3-11.)  However, plaintiff disputes
3  this fact, stating that she always paid her own property taxes,
4  which were not due until December 14 of each year, so that if
5  Saxon paid the property taxes, it was against her wishes.
6  (Monday Decl. ¶¶ 6-7.)

7  On January 9, 2009, a Notice of Default was recorded on
8  plaintiff's property.  (Comstock Decl. Ex. 3 (Docket No. 91).)
9  On April 13, 2009, a Notice of Trustee's Sale was recorded.
10 (Comstock Decl. Ex. 4.)

11 Plaintiff started a trial loan modification in June of
12 2009.  (Pl. Monday Dep. at 70:2-4.)  Saxon denied a permanent
13 modification because it required further documentation.  (Pl.
14 Alexander Dep. at 130:6-21.)  Saxon then offered a second trial
15 loan modification beginning in September of 2009.  (Id. at 131:1-
16 132:15.)

17 The servicing of the loan was transferred from Saxon to
18 Ocwen in October or November of 2009.  (Comstock Decl. ¶ 4, Exs.
19 5, 6.)  The property was eventually sold at a trustee's sale on
20 December 16, 2009, and a Trustee's Deed Upon Sale was recorded on
21 December 28, 2009, naming U.S. Bank as grantee.  (Comstock Decl.
22 Ex. 9.)

23 On January 28, 2010, plaintiff received a three-day
24 Notice to Quit.  (Monday Decl. ¶ 3.)  In February of 2010, U.S.
25 Bank filed an unlawful detainer action against plaintiff.  (Id. ¶
26 4.)  Plaintiff states that, because of defendants' actions, her
27 credit limit has been dropped on one of her credit cards and she
28 was denied when applying for a new credit card.  (Pl. Monday Dep.

4

at 97:6-21.)

On November 29, 2010, the court granted in part and denied in part defendants' motions to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Saxon's motion to strike portions of plaintiff's FAC pursuant to Rule 12(f).  (Docket No. 46.)  After the court granted plaintiff leave to amend, (Docket No. 80), plaintiff filed the SAC, alleging claims for fraud, negligent misrepresentation, negligence, and statutory punitive damages against Saxon, claims for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, against Saxon and U.S. Bank, and claims for cancellation of instrument and to set aside the trustee's sale against all defendants.[1]  (Docket No. 81.)

II. Evidentiary Objections

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  "[T]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."  Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (quoting Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001)) (internal quotation marks omitted). Even if the non-moving party's evidence is presented in a form

---

[1] Plaintiff has agreed to dismiss her claim for cancellation of instrument as to Saxon and Ocwen and her claim for statutory punitive damages, which is only alleged against Saxon.

5

that is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long as the moving party's objections could be cured at trial.  See <u>Burch v. Regents of the Univ. of Cal.</u>, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006).

        Saxon has raised seven objections (Docket No. 113), objecting to portions of two declarations submitted by plaintiff on grounds of relevance, personal knowledge, speculation, prejudice, and improper expert testimony.  Ocwen and U.S. Bank have raised five objections (Docket No. 109), objecting to portions of two declarations submitted by plaintiff on grounds of relevance, personal knowledge, and improper expert testimony.

        Objections to evidence on the ground that the evidence is irrelevant, speculative, argumentative, vague and ambiguous, or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself.  See <u>Burch v. Regents of Univ. of Cal.</u>, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006).  A court can award summary judgment only when there is no genuine dispute of <u>material</u> fact.  It cannot rely on irrelevant facts, and thus relevance objections are redundant.  Instead of objecting, parties should argue that certain facts are not material.  Similarly, statements based on speculation, improper legal conclusions, personal knowledge, or argumentative statements are not <u>facts</u> and can only be considered as arguments, not as facts, on a motion for summary judgment.  Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency.  Objections on any of these grounds are superfluous, and the court will overrule them.

        In the interest of brevity, as the parties are aware of

the substance of their objections and the grounds asserted in support of each objection, the court will not review the substance or grounds of the individual objections here.  The parties' objections are all overruled.

III. Discussion

    A.   Saxon's Motion to Dismiss[2]

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "[T]he requirement of specificity is

---

[2] Plaintiff has agreed to dismiss her claims for cancellation of instrument and statutory punitive damages against Saxon.

7

relaxed when the allegations indicate that 'the defendant must necessarily possess full information concerning the facts of the controversy' or 'when the facts lies more in the knowledge of the opposite party.'" Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 158 (6th Dist. 1991) (quoting Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App. 3d 818, 825 (1st Dist. 1973), overruled on other grounds by Silberg v. Anderson, 50 Cal. 3d 205, 212-13 (1990); Turner v. Milstein, 103 Cal. App. 2d 651, 658 (2d Dist. 1951)). Taking plaintiff's allegations as true, the SAC provides sufficient specificity to satisfy Rule 9(b). Accordingly, the court will deny Saxon's motion to dismiss plaintiff's claims for fraud and negligent misrepresentation.

### B. Motions for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial.

8

Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

    1. Negligent Misrepresentation and Fraud Claims against Saxon

The elements of negligent misrepresentation under California law are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226,

1  243 (2d Dist. 2007).  The elements of a claim for fraud are
2  identical, but the plaintiff must show "knowledge of falsity (or
3  'scienter')" for the second element.  <u>In re Estate of Young</u>, 160
4  Cal. App. 4th 62, 79 (4th Dist. 2008).  Saxon moves for summary
5  judgment on these claims on the ground that plaintiff cannot show
6  justifiable reliance or resulting damage.
7       The element of justifiable reliance requires that a
8  plaintiff "acted in reliance <u>upon the truth of the
9  representation</u>."  <u>Nero v. Evans</u>, Civ. No. 09-958, 2011 WL
10 2680483, at *9 (S.D. Cal. July 8, 2011) (emphasis added).
11 Plaintiff alleges that Saxon made fifteen different
12 misrepresentations.  (SAC ¶ 41.)  Among these claims, plaintiff's
13 counsel identified the most significant representations at oral
14 argument as Saxon's alleged misrepresentations that the only way
15 to avoid losing plaintiff's home was to accept loan modifications
16 and that Saxon misrepresented that it had actually paid for
17 force-placed insurance.  (<u>Id.</u>)
18      Plaintiff alleges that she acted in reliance upon these
19 misrepresentations and that if she had known that loan
20 modifications were not necessary to avoid foreclosure, she would
21 not have accepted such plans.  (SAC ¶ 44.)  In her declaration,
22 she also states that if she had known that Saxon never actually
23 paid for force-placed insurance, she would have contacted
24 governmental agencies, filed a lawsuit, and would not have
25 applied for loan modifications.  (Monday Decl. ¶ 9.)  Plaintiff
26 alleges to have suffered damages in that a foreclosure sale has
27 taken place and her credit has been damaged.  (Pl. Monday Dep. at
28 97:6-21.)  Taking all reasonable inferences in favor of

10

plaintiff, the court is unable to conclude that there is no triable issue of fact as to whether plaintiff relied on any of Saxon's statements to her detriment.  Accordingly, the court will deny summary judgment on plaintiff's claims for negligent misrepresentation and fraud.

        2.   <u>Negligence Claim against Saxon</u>

To prove a cause of action for negligence, plaintiff must show "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (2d Dist. 1998).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (4th Dist. 2004).

The court previously denied Saxon's motion to dismiss this claim, holding that plaintiff had adequately alleged that Saxon's acts of force-placing insurance and subsequently failing to correct its mistakes were sufficient to allege a claim.  (Nov. 29, 2010, Order at 6:13-9:1.)  Saxon now argues that because plaintiff failed to inform Saxon that she maintained her own insurance and Saxon warned plaintiff that it would force-place the insurance, it cannot be held liable for negligence.

Even if Saxon was within its rights to force-place the insurance after notifying plaintiff, its subsequent actions in failing to correct the mistake and causing plaintiff's account to appear in default are still sufficient to show negligence. Saxon's argument that plaintiff would still have been in default

because of its property tax payment from the escrow account is unavailing; on summary judgment, the court must take the facts in the light most favorable to plaintiff, who states that she always made property tax payments herself.

Plaintiff has also shown damages in that a foreclosure sale has taken place and her credit has been damaged. Whether plaintiff was contributorily negligent in failing to inform Saxon of her insurance or of the problems with the account is a question of fact for the jury. Accordingly, the court will deny Saxon's motion for summary judgment as to plaintiff's negligence claim.

### 3. UCL Claim against Saxon and U.S. Bank

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant. Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (2d Dist. 1993).

"Under its 'unlawful' prong, 'the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL.'" Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (4th Dist. 2007) (quoting Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1st Dist. 1999)). "Thus, a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." Id. A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 618 (3d Dist. 1996). A business practice is

12

"unfair" when it "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1473 (2d Dist. 2006).

Because plaintiff's fraud, negligent misrepresentation, and negligence claims against Saxon survive summary judgment, the UCL claim against Saxon will survive under the "unlawful" prong. See Cortez v. Global Ground Support, LLC, No. 09-4138) 2009 WL 4282076, at *3 (N.D. Cal. Nov. 25, 2009) (finding common law negligence claim sufficient to support a claim of "unlawful" business practice under UCL).

Plaintiff's only argument for her UCL claim against U.S. Bank is that U.S. Bank bought her home in the foreclosure sale when it knew that plaintiff was not in default. However, plaintiff fails to provide any evidence that U.S. Bank knew she was not in default. She admits that she never told U.S. Bank about the irregularities with her account, but instead argues that Saxon's knowledge is imputed to U.S. Bank through an agency relationship.

Knowledge of an agent is imputed to the principal.[3] See W.R. Grace & Co. v. W. U.S. Indus., Inc., 608 F.2d 1214,

---

[3] Liability of an agent, however, cannot be imputed to a principal on a UCL claim. See Sencion v. Saxon Mortg. Servs., Inc., No. CV 10-03108, 2011 WL 672643, at *2 (N.D. Cal. Feb. 17, 2011); Emery v. Visa Int'l Serv. Ass'n, 95 Cal. App. 4th 952, 960 (3d Dist. 2002) ("The concept of vicarious liability has no application to actions brought under the unfair business practices act. A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500.") (internal quotation marks and citation omitted).

13

1218-19 (9th Cir. 1979).  To show an agency relationship, a plaintiff must show: (1) that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him. <u>Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.</u>, 148 Cal. App. 4th 937, 964 (3d Dist. 2007).  Plaintiff has not even attempted to show any of these elements, but merely states that Saxon is an agent of U.S. Bank.  Because there is no triable issue of fact as to whether U.S. Bank knew that foreclosure was improper, the court will grant U.S. Bank's motion for summary judgment on plaintiff's UCL claim.

        4.   <u>Cancellation of Instrument Claim against U.S. Bank and Set Aside of the Trustee's Sale Claim against All Defendants</u>[4]

Plaintiff requests cancellation of the Trustee's Deed Upon Sale of her property because she was not actually in default when the foreclosure sale on her home took place.  "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."  Cal. Civ. Code § 3412.

---

[4] Plaintiff did not respond to Saxon's or Ocwen's arguments regarding her claim to set aside the trustee's sale. It appears that she wishes to dismiss that claim against both Saxon and Ocwen.

The court previously denied defendants' motion to dismiss plaintiff's claim for cancellation of instrument because plaintiff had sufficiently alleged an irregularity with defendants' foreclosure sale under California Civil Code sections 2924-2924*l*, California's statutory framework for nonjudicial foreclosure sales. (June 25, 2010, Order at 9:20-10:28 (Docket No. 14).) As the court explained in that Order, plaintiff need not tender the full amount due on her loan to cancel the Trustee's Deed. (Id. at 11:1-12:12.)

A disputed issue of fact remains as to whether plaintiff was actually in default and thus whether the trustee's sale was proper. Accordingly, the court will deny U.S. Bank's motion for summary judgment on plaintiff's claim for cancellation of instrument and to set aside the trustee's sale. See Manuel v. U.S. Bankr. Ct., No. C 01-01434, 2001 WL 1382048, at *3 (N.D. Cal. Nov. 5, 2001) (nonjudicial foreclosure sale may be set aside when deed of trust is invalid).

C.   Saxon's Motion to Strike

Federal Rule of Civil Procedure 12(f) enables the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike "should not be granted unless it is clear that the matter to be striken could have no possible bearing on the subject matter of the litigation." Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996). Saxon moves pursuant to Rule 12(f) to strike plaintiff's prayers for punitive damages, injunctive relief, constructive trust, and prejudgment interest. Plaintiff concedes that her prayers for injunctive relief,

constructive trust, and prejudgment interest may be properly stricken as to Saxon.

California Civil Code section 3294(a) states that punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Fraud is defined as "an intentional misrepresentation, deceit or concealment of a material fact known to the defendant and thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3). Plaintiff has pled facts sufficient to establish a triable issue of fact as to whether Saxon engaged in fraudulent behavior. Thus, the court will deny Saxon's motion to strike plaintiff's prayer for punitive damages.

IT IS THEREFORE ORDERED that:

(1) Saxon's motion to dismiss the SAC be, and the same hereby is, GRANTED as to plaintiff's claims for cancellation of instrument and statutory punitive damages, and DENIED as to plaintiff's claims for fraud and negligent misrepresentation;

(2) Saxon's motion for summary judgment be, and the same hereby is, GRANTED as to plaintiff's claim to set aside the trustee's sale and DENIED as to plaintiff's claims for fraud, negligent misrepresentation, negligence, and violations of the UCL;

(3) Ocwen and U.S. Bank's motion for summary judgment be, and the same hereby is, GRANTED as to plaintiff's claims for cancellation of instrument and to set aside the trustee's sale against Ocwen and plaintiff's claim for violations of the UCL against U.S. Bank, and DENIED as to plaintiff's claims for

cancellation of instrument and to set aside the trustee's sale against U.S. Bank; and

    (4) Saxon's motion to strike be, and the same hereby is, GRANTED as to plaintiff's prayers for injunctive relief, constructive trust, and prejudgment interest, and DENIED as to plaintiff's prayer for punitive damages.

DATED:   September 16, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE